IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PETITION OF LESLIE WILLIS TO PERPETUATE FROM DOLORES WILLIS EVIDENCE (TRUST DOCUMENTS) PERTAINING TO 'THE TRUST FOR ANNIE PEARL (WHITE) WILLIS'** )<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.  2:22-MC-570** |

-------------------------------------------------------------------------------------------------------------

 5/20/2022 3:42 PM

## PETITION TO PERPETUATE EVIDENCE (TRUST DOCUMENTS) FROM DOLORES WILLIS PERTAINING TO 'THE TRUST FOR ANNIE PEARL (WHITE) WILLIS' (PURSUANT TO FED. R. CIV. P. RULE 27(a))

AND NOW, on this 20 May 2022, Petitioner, Leslie Willis, Pro Se, files this '**Petition to Perpetuate Evidence (Trust Documents) From Dolores Willis Pertaining To 'The Trust for Annie Pearl (White) Willis'[1] (Pursuant to Fed. R. Civ. P. Rule 27(a))** for disclosure[2] and evidence pursuant to **Fed. R. Civ. P. 27(a)** and, respectfully, states the following:

## INTRODUCTION

*The Internal Revenue Service (IRS) identified a 'Trust for Annie Pearl (White) Willis' ("Trust"). Annie Pearl (White) Willis is Petitioner's Grandmother.[3] Petitioner is an Heir, Legacy, Beneficiary, and Devisee under the Will of Annie Pearl Willis, and has a legal right to a determination of rights to the Trust. Petitioner also has a Record Title property interest in the real estate of her Grandmother's Estate, located in Allegheny County, Pennsylvania, at 267*

---

[1] Reference to the "Trust" includes the Trust documents (i.e. Safe Deposit Records, including Trust Instrument and Beneficiary Designation).

[2] Petitioner, Leslie Willis, reserves all of her rights regarding and relating to 'The Trust for Annie Pearl (White) Willis.'

[3] Also, Annie Pearl Willis; and Annie P, Willis.

*William Street, Pittsburgh, PA. 15203 (Blk/Lot/Parcel ID # 4-H-229.  Petitioner intends to file, in federal Court, an Action for Declaration of Rights to 'The Trust for Annie Pearl (White) Willis;' and an Action for Declaration of Rights to real estate located in Allegheny County, Pennsylvania, at 267 William Street, Pittsburgh, PA. 15203 (Blk/Lot/Parcel ID # 4-H-229), more particularly described in the Appendix ("267 William Street Residence;" "real estate;" and/or "property").[4]  A federal Court has subject-matter jurisdiction pursuant to 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs, to hear Petitioner's Petitions for Declaration of Rights.  Petitioner cannot presently bring the Petitions for Declaration of Rights to the Trust and real estate without the Trust documents (e.g. Trust Instrument; and Beneficiary Designation) pertaining to 'The Trust for Annie Pearl (White) Willis' ("Trust").  The Trust documents are held by PNC Bank, N.A. and The PNC Financial Services Group, Inc. ("PNC").  Dolores Willis, who is currently the authorized signer for the Trust, has custody, control and possession of the Trust.  Petitioner has a legal right to a determination of Rights to the Trust. The Trust documents have been concealed from Petitioner for over eleven (11) years.*

*The Petitions for Declaration of Rights that are referenced in this Petition are not probate preclusive.  As the Court states in <u>Markham v. Allen</u>, "although "a federal court has no jurisdiction to probate a will or administer an estate, . . . it has [long] been established . . . that federal courts of equity have jurisdiction to entertain suits `in favor of ... legatees and heirs' and other claimants against a decedent's estate `to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or*

---

[4] See Appendix re: 'Not Probate Preclusive.'  See Also: 28 U.S. Code § 2201 - Creation of remedy - any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  (See also: Fed.R.Civ.P. 57 Declaratory Judgment).

*control of the property in the custody of the state court." 326 U.S., at 494.   "[W]hile a federal*

*court may not exercise its jurisdiction to disturb or affect the possession of property in the*

*custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property*

*where the final judgment does not undertake to interfere with the state court's possession save to*

*the extent that the state court is bound by the judgment to recognize the right adjudicated by the*

*federal court." Ibid. <u>Marshall v. Marshall</u>, 547 U.S. 293, 296 (2006).   Marshall acknowledges*

*that, "... lower federal courts have read the words "interfere with the probate proceedings" to*

*block federal jurisdiction over a range of matters well beyond probate of a will or administration*

*of a decedent's estate, including an executor's breach of fiduciary duty. Ibid. (emphasis added).*

*However, Marshall further states that, "...This Court therefore comprehends Markham's*

*"interference" language as essentially a reiteration of the general principle that, when one court*

*is exercising in rem jurisdiction over res, a second court will not assume in rem jurisdiction over*

*the same res." Ibid. (citations omitted).  The Petitions for Declaration of Rights would not*

*interfere with any probate proceedings, and the (federal) Court would not assume general*

*jurisdiction of the probate or control of the property located in Allegheny County, at 267 William*

*Street, Pittsburgh, Pennsylvania, 15203 (Lot/Blk/Parcel ID# 4-H-229) ("real estate"), which is*

*not in the custody or possession of the state court."  Also, Pursuant to 28 U.S. Code § 2201 -*

*Creation of remedy - any court of the United States, upon the filing of an appropriate pleading,*

*may declare the rights and other legal relations of any interested party seeking such declaration,*

*whether or not further relief is or could be sought. (See also: Fed.R.Civ.P. 57 Declaratory*

*Judgment – "The existence of another adequate remedy does not preclude a declaratory*

*judgment that is otherwise appropriate ... The fact that a declaratory judgment may be granted*

*"whether or not further relief is or could be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary.").*

Petitioner intends to file, with the Petitions for Declaration of Rights, an Action to Recall a December 10, 2020 Mandate issues by the United States Court of Appeals for the Third Circuit (Docket #19-2094, ECF Document #212-1 and ECF Document 212-3), including an Action pursuant to 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge; and in regard to Petitioner's Record Title property interest in the real estate located in Allegheny County, at 267 William Street, Pittsburgh, Pennsylvania, 15203 (Lot/Blk/Parcel ID# 4-H-229).

### REQUIREMENTS FOR FED.R.CIV. P. RULE 27(a) PETITION

1. **Fed. R. Civ. P. Rule 27(a)(1)** - This Court, the District Court for the Western District of Pennsylvania, has jurisdiction to hear this Petition pursuant to Fed. R. Civ. P. Rule 27(a)(1) - (a) Before an Action Is Filed. (1) Petition.  A person who wants to perpetuate testimony about any matter cognizable in a ***United States Court***[5] may file a verified petition in the district court for the district where any expected adverse party resides. (Emphasis added)

2. ***(Fed.R.Civ. P. Rule 27(a)(1)(E) - Petitioner files this Petition to perpetuate evidence from Dolores Willis,[6] 206 Everglade Drive, Pittsburgh, PA. 15235.  Dolores Willis is currently the authorized signer for the 'The Trust for Annie Pearl (White) Willis' ("Trust"), having custody, control and possession of the Trust documents.  The expected substance of the evidence that Petitioner seeks to perpetuate from Dolores***

---

[5] Article III Federal Court.
[6] Dolores Willis is Executrix for the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Dept. of Court Records, Wills/Orphans' Court Division, Case No. 02-11-00397).

*Willis are the Safe Deposit Records of the Trust and, particularly, the Trust Instrument and the Beneficiary Designation.*

3. **Fed.R.Civ. P. Rule 27(a)(1)(A)** - Petitioner intends to bring an Action, in federal Court, for Declaration of Rights to 'The Trust for Annie Pearl (White) Willis;' *AND* an Action for Declaration of Rights to real estate, located in Allegheny County, at 267 William Street, Pittsburgh, Pennsylvania, 15203 (Lot/Blk/Parcel ID# 4-H-229) ("real estate").

4. **Fed.R.Civ. P. Rule 27(a)(1)(A) - cognizable in a United States Court**:  The Actions for Declaration of Rights are cognizable in a United States Court (Art. III Federal Court) pursuant to **28 U.S. Code § 1332 - Diversity of citizenship**; amount in controversy; costs - (a) "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States…"

5. **Fed.R.Civ. P. Rule 27(a)(1)(A) - cognizable in a United States Court**: **Petitioner is domiciled in Prince George's County, Maryland**.[7]  The adverse parties to the Actions for Declaration of Rights are citizens of different states (Fed.R.Civ. P. Rule 27(a)(1)(D)); and the market value of the subject-matter real estate, located in Allegheny County, at 267 William Street, Pittsburgh, Pennsylvania, 15203 (Lot/Blk/Parcel ID# 4-H-229) ("real estate"), is at least $169,600[8] (Appendix – Market Value 267 William Street).

6. **Fed.R.Civ. P. Rule 27(a)(1)(A) - cognizable in a United States Court**:  Pursuant to **28 U.S. Code § 2201** - Creation of remedy - any court of the United States, upon the filing

---

[7] Petitioner is in Pittsburgh, **_at this time_**.  However, Petitioner is domiciled in Prince George's County, Bowie, Maryland. Petitioner does not have a legal address in Pittsburgh, Pennsylvania.

[8] The market value of the real estate, according to an online internet search, was previously $169,600; and is now between $258,000 - $370,000 as of May 6, 2022.

of an appropriate pleading, *may declare the rights* and other legal relations of any interested party seeking such declaration, *whether or not further relief is or could be sought*. (Emphasis Added) (See also: Fed.R.Civ.P. 57 Declaratory Judgment).

7.  The Action for Declaration of Rights to the Trust, and the Action for Declaration of Rights to the real estate, are neither probate preclusive nor precluded by the December 10, 2020 Mandate issued in a separate Action.[9]

8.  **Petitioner Cannot Presently bring the Action for Declaration of Rights to the Trust (Fed.R.Civ. P. 27(a)(1)(A)):** Petitioner cannot bring the Action for Declaration of Rights to the Trust (Appendix – Copy of Action for Declaration of Rights to the Trust for Annie Pearl (White) Willis) without perpetuating the Trust *prior to* the Action. Petitioner cannot receive a determination of rights to the Trust without, at least, the Trust Instrument and Beneficiary Designation disclosed.  Furthermore, Petitioner cannot presently cause an Action for Declaration of Rights to the Trust to be Brought because PNC Bank, N.A. and The PNC Financial Services Group, Inc., will only disclose the Trust documents to Dolores Willis who, as Executrix for the PNC Estate of Annie Pearl Willis, is the only person authorized to act on behalf of the Estate of Annie Pearl Willis and receive information regarding Annie Pearl Willis's accounts. (Appendix - Letter from PNC requesting person authorized to receive information regarding Annie Pearl Willis's accounts; Appendix - Email from PNC Associate Attorney, Bridget Daley, re: Dolores Willis may contact her regarding the Trust.  Dolores Willis will not respond to correspondence from Petitioner regarding the Trust (Appendix - USPS Tracking 7-6-

---

[9] United States Court of Appeals for the Third Circuit (Docket #19-2094, ECF Document #212-1 and ECF Document 212-3)

2020 Thru 7-9-2020 Certified Mail Refused by Dolores Willis; Appendix - Letter 7-1-
2020 to Dolores Willis Sole Beneficiary Request Trust; Appendix - Family Email
(Redacted) Showing Trust Concealed].

9. **Petitioner Cannot Presently bring the Action for Declaration of Rights to the real
   estate (Fed.R.Civ. P. 27(a)(1)(A))**:  Petitioner cannot bring the Action for Declaration of
   Rights to the real estate, located in Allegheny County at 267 William street, Pittsburgh,
   pa. 15203 (Lot/Blk./Parcel ID # 4-H-229) ("real estate") (Appendix – Copy of Action
   for Declaration of Rights to the Trust for Annie Pearl (White) Willis; Appendix –
   Declaration as Heir; Certificates), without the material evidence of her claims regarding
   the Trust and the 267 William Street real estate property, that Petitioner is the Sole
   Beneficiary of the Trust, and that the Trust was undisclosed to Petitioner at the time of
   sale of the real estate.  Hence, the Action for Declaration of Rights to the real estate
   property is pending disclosure of the Trust documents and a Declaration of Rights to the
   Trust.

10. **Petitioner cannot cause an Action (e.g. Quiet Title Action) to be brought by the
    expected adverse parties to the Action for Declaration of Rights to the real estate
    (Fed.R.Civ. P. 27(a)(1)(A))**.  None of the above-named adverse parties have responded
    to any notices or correspondence regarding the real estate.  Jeffrey and Wanda Dipaolo
    claim title to, and have held possession of, the 267 William Street property of
    Petitioner's Grandmother's Estate.  However, Petitioner cannot cause Jeffrey and Wanda
    Dipaolo to bring an Action (e.g. Quiet Title Action).  Jeffrey and Wanda Dipaolo have
    not responded to any notices or correspondence that Petitioner has sent to their attention
    regarding the 267 William Street property.  Also, all of the heirs under the Will of the

Estate, except Petitioner, received checks in the mail for the sale of the real estate property.  None of the Heirs under the Will, except Petitioner, have filed any objections or Petitions in the Estate regarding the 267 William Street property, nor have any responded, in writing, to communication from Petitioner, except two persons, to say that they are not interested in the Estate matters.

11. **Petitioner's interest in the Declaration of Rights to Trust and 267 William Street Real Estate (Fed.R.Civ. P. Rule 27(a)(1)(B))**.  Petitioner has a **property interest in the real estate** located in Allegheny County, Pennsylvania, at 267 William Street, Pittsburgh, Pennsylvania, 15203 (Lot/Blk/Parcel ID# 4-H-229) ("real estate").  Petitioner, Heir, Legacy, Beneficiary, and Devisee of the Estate of Annie Pearl Willis,' claims, by descent, a right to Title and Possession of the real estate of the Estate of Annie Pearl Willis. Pursuant to 20 Pa. C.S. § 301- (b) Real Estate. – "Legal title to all real estate of a decedent shall pass at [her] death to [her] heirs or devisees..."  Petitioner, an Heir, Legacy, Beneficiary, Devisee under the Will of the Estate of her Grandmother, Annie Pearl Willis, claims Record Title to the 267 William Street Residence **(Appendix – 'Abstract of Title;' Appendix - 'Description of Property;' Appendix - Declaration as Heir**).

12. **Facts that the petitioner wants to establish by the proposed Evidence (Trust documents); (Fed.R.Civ. P. Rule 27(a)(1)(C))**.  In perpetuating the Safe Deposit Records of the Trust, particularly the Trust Instrument and the Beneficiary Designation, Petitioner intends to establish that Petitioner is the sole beneficiary of the Trust.  The Trust documents will be used as evidence in the Action for Declaration of Rights to the real estate, to establish the facts and circumstances of the sale of the real estate (e.g.

evidence that the Trust funds were withheld from Petitioner at the time of sale of the real estate; evidence of breach of fiduciary duty, and an aiding and abetting of that breach, in the sale of the real estate).  Petitioner intends to establish that the 267 William Street property was unlawfully sold, and intends to retrieve Heir property sold.

13. **Reasons to perpetuate the Evidence (Trust documents) (Fed.R.Civ. P. Rule 27(a)(1)(C))**: The Trust has been concealed from Petitioner for *over eleven (11) years*, undisclosed to Annie Pearl (White) Willis's Beneficiary, and continues to be concealed. There is a substantial risk that the Trust will be further concealed, unavailable for review in an Action for Declaration of Rights to the Trust.  Furthermore, *Petitioner has a legal right to a determination of Rights to the Trust*.  Petitioner's right to a determination of rights to the real estate property pursuant to 42 Pa. C.S. § 7533[10] arise under the Will of her Grandmother, Annie Pearl Willis.   Additionally, Petitioner has a right to an *immediate* determination of her rights to the Trust.  If the Trust documents continue to be concealed, there would continue to be a delay in Petitioner's ability to obtain a Declaration of Rights to the Trust.  Thus, Petitioner would continue to be denied her legal right to a determination of rights to the Trust.

---

[10] Pursuant to 42 Pa. C.S. § 7533 "Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder."

The following individuals (Heirs under the Will of the Estate of Annie Pearl Willis) would be **Adverse Parties in the Action for Declaration of Rights to the Trust for Annie Pearl (White) Willis' ("Trust")**, for a declaration of *Beneficiary rights* to the Trust:[11] (**Fed.R.Civ. P. Rule 27(a)(1)(D)**)[12]

- Dolores Willis, 206 Everglade Drive, Pittsburgh, PA. 15235 (Daughter);

- Dorothy Willis, 1128 Ross Ave., Pittsburgh, PA. 15221 (Daughter);

- Annie F. Willis-Coles, 20919 Bloomfield Ave., Apt. 49, Lakewood, CA. 90715 (Daughter);

- Janie Willis, 103 Redlyn Street, Pittsburgh, PA. 15210 (Daughter)

- Clara Willis, 356 West 14th Avenue, Homestead, PA. 15120 (Daughter);

- Lillian Willis, 1317 McCartney, Pittsburgh, PA. 15220 (Daughter-In-Law);

- Darlene Willis, 17206 Master's Way, Alpharetta, GA 30005 (Granddaughter);

- Marlene Willis, 10108 Queen Mary Drive, Upper Marlboro, MD 20772 (Granddaughter);

- John A. Willis, Jr., 308 T. Street NE, Apt. B, Washington, D.C. 20002-1508 (Grandson);

- Jessie Willis, P.O. Box10773, Pittsburgh, PA. 15203 (Son).

---

[11] And Petitioner, Leslie Willis (Granddaughter), the Heirs under the Will (per stirpes) of the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Dept. of Court Records, Wills/Orphans' Court Division, Case No. 02-11-00397). Annie Pearl (White) Willis' husband, Woodrow Willis, Sr. (pre-deceased); her son, Woodrow Willis, Jr. (deceased); and her son, John Arthur Willis, Sr. (pre-deceased).

[12] PNC is an adversary regarding the Trust. William S. Demchak, Chairman, President and Chief Executive Officer, PNC Bank, N.A. /The PNC Financial Services Group, Inc., ("PNC") and certain other PNC officials/employees, including Mr. "Holt," Randy Shields, Rebecca Kelly, Mr. Salvatore, would also be adverse parties or otherwise adversely involved in an Action for 'Tortious Interference with an Inheritance,' and an Action for Breach of Trust, should Petitioner bring such Actions.

**The Adverse Parties in the Action for Declaration of Rights as to real estate property, located in Allegheny county at 267 William street, Pittsburgh, pa. 15203 (Lot/Blk./Parcel ID # 4-H-229)** are the above-named adverse parties to a Declaration of Rights to the Trust as well as the following: (**Fed.R.Civ. P. Rule 27(a)(1)(D)**)

- Jeffrey and Wanda Dipaolo, 2956 Brevard Ave., Pittsburgh, PA 15227

- Cristopher Feola, 616 Tara Drive, Pittsburgh, PA. 15237

- Artem Dolinskiy, 3272 Niagra Square, Pittsburgh, PA. 15213

- Rick Neff; Anthony Neff; Richard Neff, Pennsylvania Land Titles, Three Robinson Plaza, Suite 220, Pittsburgh, PA 15205

**The Name, address, and expected substance of the testimony [evidence – Trust documents] of each deponent (Fed.R.Civ. P. Rule 27(a)(1)(E))** - Petitioner files this Petition to perpetuate evidence from Dolores Willis, 206 Everglade Drive, Pittsburgh, PA. 15235. Dolores Willis is currently the authorized[13] signer for the 'The Trust for Annie Pearl (White) Willis' ("Trust"), having custody, control and possession of the Trust. Therefore, Notice/Service of Process of this Fed. R. Civ. P. Rule 27(a) is directed to Dolores Willis at 206 Everglade Drive, Pittsburgh, PA. 15235. A United States Marshal Form 285 (USM Form 285) for Dolores Willis is filed with the Clerk.

The expected substance of the evidence that Petitioner seeks to perpetuate from Dolores Willis are the Safe Deposit Records of '*The Trust for Annie Pearl (White) Willis' ("Trust")* and, particularly, the *Trust Instrument* and the *Beneficiary Designation*.

---

[13] Dolores Willis is Executrix for the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Dept. of Court Records, Wills/Orphans' Court Division, Case No. 02-11-00397).

## STATEMENT OF CLAIMS

**'The Trust for Annie Pearl (White) Willis**:

In April, 2016, the Internal Revenue Service (IRS) identified "*The Trust for Annie Pearl (White) Willis" ("Trust")* (See: Appendix Internal Revenue Service (IRS) letter indicating "The Trust for Annie Pearl (White) Willis").  However, the IRS cannot disclose the 'Trust' to Petitioner.  Dolores Willis is currently the authorized[14] signer for the Trust, having custody, control and possession of the Trust.  Petitioner has a legal right to a determination of Rights to the Trust.  Petitioner's right to a determination of rights to the real estate property pursuant to 42 Pa. C.S. § 7533 arise under the Will of Annie Pearl Willis. [15]  (Appendix – probated Will per stirpes; Appendix Declaration as Heir; Appendix – Certificates)

The Trust is *known evidence* (See: Appendix Internal Revenue Service (IRS) letter indicating "The Trust for Annie Pearl (White) Willis") (See Also, Appendix - Family Email – Redacted - response to Petitioner's inquiry to family members regarding the Trust - showing Trust concealed).  The Trust documents are also known evidence, given that a Trust typically has

---

[14] Dolores Willis is Executrix for the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Dept. of Court Records, Wills/Orphans' Court Division, Case No. 02-11-00397).
[15] Petitioner's Grandmother ("Annie Pearl Willis," "Annie Pearl (White) Willis," "Annie P. Willis) (deceased, November 2010; Estate opened January 20, 2011; Letters Testamentary granted to Dolores Willis January 2011, Annie Pearl (White) Willis's daughter, Petitioner's Aunt.

safe deposit records, including a Trust instrument and Beneficiary Designation.[16]  Annie Pearl
(White) Willis, Petitioner's Grandmother, did her banking with PNC Bank.  For instance, Annie
Pearl (White) Willis held a Joint Account, with Dolores Willis, [17] at PNC Bank, N.A./The PNC
Financial Services Group, Inc. ("PNC") (Appendix– Joint Account 'Schedule F' document for
PNC Checking Account held at PNC).  The Trust documents are held by PNC Bank, N.A. and
The PNC Financial Services Group, Inc. ("PNC") (See: Appendix Letter 2013 from PNC
requesting person authorized to receive information regarding Annie Pearl Willis's accounts;
Appendix Email from PNC Associate Attorney, Bridget Daley, re: Dolores Willis may contact
her regarding the Trust).

    The Trust has been concealed from Petitioner for over eleven (11) years, and continues to
be concealed.  Hence, there is a substantial risk that the Trust will be further concealed,
unavailable for review in the Action for Declaration of Rights to the Trust, and the Action for
Declaration of Rights to the real estate that Petitioner intends to bring in a United States federal
Court pursuant to 28 U.S. Code § 1332 - Diversity of citizenship.  As stated above, the Petitions
are cognizable in a federal Court, however, Petitioner cannot currently bring the Actions for
Declaration of Rights (See: Paragraphs 1-13 above).

---

[16] Petitioner has a Bachelor's of Science Degree in Business Administration - concentration in Investment Finance, and financial services experience, including Trust Accounting.  Petitioner is also a Certified Paralegal with corporate and law firm experience.  Petitioner has personal knowledge that a Trust would have safe deposit records, including a Trust instrument and Beneficiary Designation.

[17] Dolores Willis is Petitioner's Aunt, Annie Pearl (White) Willis's daughter.  Dolores Willis is also the Executrix for the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Department of Court Records, Probate and Orphans' Court Case No. 02-11-00397).  Petitioner claims that the Joint Account funds are misappropriated bank funds in the Estate Accounting.

Petitioner intends to present the Trust documents, particularly the Trust Instrument and Beneficiary Designation, in an Action for Declaration of Rights to the 'The Trust for Annie Pearl (White) Willis.'

**The Real Estate Property**:

Annie Pearl Willis, who was of Native American Indian decent, resided with her husband, Woodrow Willis, African American, at the 267 William Street residence for almost 50 years. Woodrow Willis pre-deceased his wife. Annie Pearl Willis died, testate, on November 20, 2010, and was last seised of the real estate property located in Allegheny County, Pennsylvania, at 267 William Street, Pittsburgh, PA. 15203 (Blk/Lot/Parcel ID # 4-H-229, more particularly described in Appendix A and B). Petitioner, an Heir, Legacy, Beneficiary, and Devisee of the Estate of Annie Pearl Willis,' claims, by descent, a right to Title and Possession of the real estate of the Estate of Annie Pearl Willis (Appendix – Record Title Documents; Declaration as Heir; Certificates). Pursuant to 20 Pa. C.S. § 301- (b) Real Estate. – "Legal title to all real estate of a decedent shall pass at [her] death to [her] heirs or devisees..." Petitioner holds Record Title to the 267 William Street real estate property, located in Allegheny County, Pennsylvania, at 267 William Street, Pittsburgh, PA. 15203 (Blk/Lot/Parcel ID # 4-H-229, more particularly described in the Appendix ("267 William Street Residence;" "real estate;" and/or "property"). However, Petitioner is, currently, out of possession. Thus, Petitioner intends to bring an Action, in federal court, for a Declaration of Rights to the 267 William Street property.

Petitioner intends to use the Trust documents in the Action for Declaration of Rights to the 267 William Street Residence.  The Trust documents would provide evidence that the Trust exists, and evidence of the Trust Beneficiary; as well as evidence relating to the circumstances of the fiduciary sale of the real estate. For instance, evidence that the Trust funds were withheld from Petitioner at the time of sale of the real estate;[18] evidence of breach of fiduciary duty; and evidence pertaining to aiding and abetting a breach of fiduciary duty as to sale of the real estate.  Hence, a declaration of rights to the Trust documents is material to a declaration of rights to the real estate.

**WHEREFORE**, Petitioner, Leslie Willis, respectfully, moves the Court for an **ORDER**, pursuant to the provisions of Fed. R. Civ. P. Rule 27 (a) for an **EXPEDITED** Fed. R. Civ. P. Rule 34 production of documents and things for the ***Trust Instrument*** and the ***Beneficiary Designation*** of the 'Trust for Annie Pearl (White) Willis' is made by Dolores Willis *to Petitioner* at the office of Attorney, Jordan Webster on _____[19] at 1:35 p.m.;' OR at the location of The PNC Financial Services Group, Inc., at 300 Fifth Ave. The Tower at PNC Plaza, Pittsburgh, PA 15222-2401, on _____ at 1:35 p.m.

**WHEREFORE**, Petitioner, Leslie Willis, respectfully, moves the Court for an **ORDER**, pursuant to the provisions of Fed. R. Civ. P. Rule 27 (a) for an **EXPEDITED** Fed. R. Civ. P. Rule 34 production of documents and things for the ***Safe Deposit Records*** of the 'Trust for Annie Pearl (White) Willis' is made by Dolores Willis *to Petitioner* at the office of Attorney, Jordan

---

[18] *Polanco Estate* (no. 1) 80 pa. D. & c. 436 (see p. 438-439) – "It would seem that the personal estate is still the primary fund for payment of debts and that a personal representative cannot simply, for the sake of [her] own whim or desire, embark upon disposing of decedent's real estate in total disregard of the rights and interests of the heirs or devisees … non[-]assenting heir is willing to accept distribution of the real estate in kind."
[19] Within 20 days of a response from Dolores Willis or of a decision on this Fed. R. Civ. P. Rule 27 (a) Petition.

Webster on _____[20] at 1:35 p.m.;' OR at the location of The PNC Financial Services Group, Inc., at 300 Fifth Ave. The Tower at PNC Plaza, Pittsburgh, PA 15222-2401, on _____ at 1:35 p.m.

**WHEREFORE**, Petitioner, Leslie Willis, respectfully, moves the Court to **SEAL** the Trust Instrument and Safe Deposit Records pertaining to the 'Trust for Annie Pearl (White) Willis' ("Trust"), if filed in this Court; and requests that the Court caution, instruct, and **ORDER** all Parties and their Counsel not to disclose[21] to anyone the contents of the Trust; not to use the Trust documents or information for any purpose other than in connection with the declaratory judgment actions; and upon termination of the declaratory judgment actions, return all Trust documents and information as appropriate.

Respectfully,

/s/Leslie Willis, Petitioner (Pro Se)

**Send Service/Notice/Corro to:**

**lwillis222@yahoo.com**; (No Telephone #)

**CM/ECF; PACFile (Registered)**

---

[20] Within 20 days of a response from Dolores Willis or of a decision on this Fed. R. Civ. P. Rule 27 (a) Petition.
[21] This request for the Trust documents sealed and protective Order is a precaution - Petitioner presumes that the Trust Instrument and Safe Deposit Records pertaining to a Trust (i.e. financial documents) would be sealed/confidential, as a matter of course, if filed in Court.

**CERTIFICATE OF GOOD FAITH**

      **I, LESLIE WILLIS**, **CERTIFY**, being duly sworn according to law, depose and say that I have made a good faith effort, without a Court Order, to obtain the requested disclosure of the **SAFE DEPOSIT RECORDS**, including the **TRUST INSTRUMENT** and **BENEFICIARY DESIGNATION** and pertaining to the Trust for Annie Pearl (White) Willis.

                      Respectfully,

                      /s/Leslie Willis, Petitioner (Pro Se)

                      **Send Service/Notice/Corro to:**

                      **lwillis222@yahoo.com**

                      **CM/ECF; PACFile (Registered)**

                      (No Telephone No. Available)

**NOTICE TO PLEAD**

Respondents are hereby notified to plead to this '**Petition to Perpetuate Evidence (Trust Documents) From Dolores Willis Pertaining To 'The Trust for Annie Pearl (White) Willis' (Pursuant to Fed. R. Civ. P. Rule 27(a)),**' within **twenty-one (21) days** from service hereof or a default judgment may be entered against you.

May 20, 2022                                     Respectfully,

                                                 /s/Leslie Willis, Petitioner (Pro Se)

                                                 **Send Service/Notice/Corro to:**

                                                 **lwillis222@yahoo.com**

                                                 (No Telephone No. Available)

                                                 **CM/ECF; PACFile (Registered)**

19

**CERTIFICATE OF SERVICE**

**I, HEREBY, CERTIFY** that I, Leslie Willis, served notice **via U. S. Marshal, Service of Process**, Sheriff, First Class Mail, E-mail, Certified Mail, and/or via CM/ECF (Pursuant to Fed. R. Civ. Proc. Rule 5 (b) (3)) a copy or courtesy copy of the **'Petition To Perpetuate Evidence (Trust Documents) From Dolores Willis Pertaining To 'The Trust For Annie Pearl (White) Willis' (Pursuant To Fed. R. Civ. P. Rule 27(a))'** on the 20 May 2022 upon:

Dolores Willis[22] (First Class Mail)

206 Everglade Drive

Pittsburgh, PA 15235

/s/ Leslie Willis, Petitioner (Pro Se)

**Send Service/Notice To:  lwillis222@yahoo.com;** or **via Court Electronic Service**

(No telephone # is available); PACFile registered; **CM/ECF Registered**

---

[22] Individually and as Executrix for the Estate of Annie Pearl Willis (Allegheny County, Pennsylvania, Dept. of Court Records, Wills/Orphans' Court Division, Case No. 02-11-00397).

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PETITION OF LESLIE WILLIS TO PERPETUATE FROM DOLORES WILLIS EVIDENCE (TRUST DOCUMENTS) PERTAINING TO 'THE TRUST FOR ANNIE PEARL (WHITE) WILLIS' | ) ) **Case No. 2:05MC2025** ) ) ) ) ) |

---------------------------------------------------------------------------------------------------------------------

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Petitioner's '**Petition to Perpetuate Evidence (Trust Documents) From Dolores Willis Pertaining To 'The Trust for Annie Pearl (White) Willis' (Pursuant to Fed. R. Civ. P. Rule 27(a)),**' for an **ORDER** authorizing Petitioner to perpetuate, from Dolores Willis, the **TRUST INSTRUMENT** and the **BENEFICIARY DESIGNATION** Pertaining of the 'Trust For Annie Pearl (White) Willis,' pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, the Motion is, hereby, **GRANTED**.

**IT IS**, **HEREBY**, **ORDERED** that, pursuant to the provisions of Fed. R. Civ. P. Rule 27(a) Petitioner is authorized to perpetuate the **TRUST INSTRUMENT** and *BENEFICIARY DESIGNATION* pertaining to the 'Trust for Annie Pearl (White) Willis' from Dolores Willis at the office of Attorney, Jordan Webster on _____ __, 2022 at 1:35 p.m.;' OR at the location of The PNC Financial

Services Group, Inc., at 300 Fifth Ave. The Tower at PNC Plaza, Pittsburgh, PA 15222-2401, on

_____ __, 2022 at 1:35 p.m.

       **IT IS FURTHER ORDERED** that, upon any filing of the Trust Instrument, the documents shall

be **SEALED,** and under protective Order, if filed in this Court.

BY THE COURT

_____, J

IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: PETITION OF LESLIE WILLIS TO**  )<br>**PERPETUATE FROM DOLORES WILLIS**  )<br>**EVIDENCE (TRUST DOCUMENTS)**  )<br>**PERTAINING TO 'THE TRUST FOR ANNIE**  )<br>**PEARL (WHITE) WILLIS'**  )<br>  )<br>  ) | **Case No.  2:05MC2025** |

-------------------------------------------------------------------------------------------------------------

**ORDER**

       **AND NOW**, this _____ day of _____, 2022, upon consideration of Petitioner's '**Petition to**

**Perpetuate Evidence (Trust Documents) From Dolores Willis Pertaining To 'The Trust for Annie**

**Pearl (White) Willis' (Pursuant to Fed. R. Civ. P. Rule 27(a)),**' for an **ORDER** authorizing Petitioner

to perpetuate, from Dolores Willis, the **SAFE DEPOSIT RECORDS** Pertaining to the 'Trust For Annie

Pearl (White) Willis,**'** pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, the Motion is,

hereby, **GRANTED**.

       **IT IS**, **HEREBY**, **ORDERED** that, pursuant to the provisions of Fed. R. Civ. P. Rule 27 (a),

Petitioner is authorized to perpetuate the **SAFE DEPOSIT RECORDS** pertaining to the 'Trust for Annie

Pearl (White) Willis' from Dolores Willis at the office of Attorney, Jordan Webster on _____ ___,

22

2022 at 1:35 p.m.;' OR at the location of The PNC Financial Services Group, Inc., at 300 Fifth

Ave. The Tower at PNC Plaza, Pittsburgh, PA 15222-2401, on _____ ____ at 1:35 p.m.

        **IT IS FURTHER ORDERED** that, upon disclosure of the Safe Deposit Records, the documents

shall be **SEALED**, and under protective Order, if filed in this Court.

BY THE COURT

_____, J

(**TABLE OF APPENDICES**)

APPENDIX – Market Value 267 William Street ……………………………………… 5

APPENDIX – Copy of Action for Declaration of Rights to the Trust for Annie Pearl (White) Willis ……………………………………………………………………………6

APPENDIX - Letter from PNC requesting person authorized to receive information regarding Annie Pearl Willis's accounts …………………………………………………… 6

APPENDIX - Email from PNC Associate Attorney, Bridget Daley, re: Dolores Willis may contact her regarding the Trust ……………………………………………… 6

APPENDIX - USPS Tracking 7-6-2020 Thru 7-9-2020 Certified Mail Refused by

Dolores Willis …………………………………………………………… 6

APPENDIX - Letter 7-1-2020 to Dolores Willis Sole Beneficiary Request Trust ………. 7

APPENDIX - Family Email (Redacted) Showing Trust Concealed ……………………… 7, 13

APPENDIX – Copy of Action for Declaration of Rights to the Trust for Annie Pearl (White) Willis ………………………………………………………………... 7

APPENDIX – Declaration as Heir; Probated Will, Certificates ………………………… 7, 13

APPENDIX – 'Abstract of Title;' APPENDIX - 'Description of Property' ……………… 8

APPENDIX - Declaration as Heir ………………………………………………… 8

APPENDIX Internal Revenue Service (IRS) letter indicating "The Trust for Annie Pearl (White) Willis" ……………………………………………………………………… 13

APPENDIX – Joint Account 'Schedule F' document for PNC Checking Account ……… 14

APPENDIX Letter 2013 from PNC requesting person authorized to receive information regarding Annie Pearl Willis's accounts …………………………………………………. 14

APPENDIX Email from PNC Associate Attorney, Bridget Daley, re: Dolores Willis may contact her regarding the Trust ……………………………………………………… 14

APPENDIX – Record Title Documents; Declaration as Heir; Certificates ……………… 15